826 F.2d 1066
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Donald Joseph WALTON, Plaintiff-Appellant,
v.
Michael SMOLENSKI and Phillip Heffron, Defendants-Appellees.
 No. 86-2160
 United States Court of Appeals, Sixth Circuit.
 Aug. 14, 1987.
 ORDER
 
 1
 Before KEITH and NORRIS, Circuit Judges, and GIBBONS, District Judge.*
 
 
 2
 This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the record and the briefs, this panel agrees unanimously that oral argument is not necessary. Rule 34(a), Federal Rules of Appellate Procedure.
 
 
 3
 The plaintiff is a state prisoner presently confined in Michigan. On April 17, 1986, he filed a 42 U.S.C. Sec. 1983 action against Michigan District Court Judge Michael Smolenski and Kent County Sheriff Phillip Heffron. In his complaint, the plaintiff alleged that both defendants denied him his constitutional rights. In particular, the plaintiff challenged the judge's refusal to set a prehearing bond for him and the judge's later decision to set a $75,000 cash bond pending trial. The plaintiff also alleged in regard to Sheriff Heffron that he was denied access to the courts by the Kent County Jail's policy of prohibiting pretrial detainees from using the jail's law library when such detainees were being represented by counsel.
 
 
 4
 Following motions for summary dismissal by the defendants, the district court entered a judgment dismissing the plaintiff's action. In so doing, the district court reasoned that Judge Smolenski was absolutely immune from liability for monetary damages under Sec. 1983 and that the plaintiff had no meritorious claim for denial of access to the courts given his admission that he was represented by counsel during his stay at the Kent County Jail.
 
 
 5
 Having reviewed the judgment of the district court and the pleadings, motions and legal memoranda submitted by the parties, we conclude that no error of law or fact is to be found in the judgment of the district court. Accordingly, for the reasons set forth in the opinion accompanying that judgment, we affirm the judgment of December 8, 1986, pursuant to Rule 9(b)(5), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Julia Gibbons, U.S. district Judge for the Western District of Tennessee, sitting by designation